My name is Amos Lawrence, and I represent Sung Kee Leung, who is appealing his deportation order to Hong Kong. In this appeal, we've raised several claims of error, but only one of these will significantly affect my client's ultimate fate, and that is the question of whether he's statutorily barred from a 212C relief as an alien convict of an aggravated felon. This is not to say the other claims we've raised don't have merit, but whether we prevail on the issues regarding whether my client is deportable as an aggravated felon or not, he will nevertheless be deported as an alien convict of crimes of moral turpitude, and, you know, thereafter be permanently ineligible to return to the United States. So I'm going to focus my comments on the 212C relief question. Kagan. Mr. Lawrence, I have to admit to being obtuse, but I'm having trouble understanding just exactly what your argument is with respect to the ground of deportation. So if you could walk me through the chain of your reasoning, I would appreciate it. Sure. Well, there are actually two claims, and one is, I assume you have to do with the you're addressing the statutory intent or question of retroactive of application, because our threshold argument was that he was not originally ordered to be deported as an aggravated felon, and the service reopened the proceedings for a limited purpose, and in accordance with established precedent, the board's own rules, they're not allowed to present new evidence on other issues. Okay. Well, that one I understand, whether I agree or not. I understand that. I just don't understand the next one. Well, the second one is, is that when Congress enacted the Immigration Act of 1990, they explicitly attached certain temporal limitations to the application of the new as opposed to the old aggravated felonies. What I mean by the old aggravated felonies are the ones originally included in the 88 Act. And one of those preclusions was it would not apply to deportation proceedings initiated after a certain date and would not apply to convictions sustained before that date. Okay. IRAIRA subsequently changed the definition of aggravated felonies to apply it retroactively regardless of date, but as reflected in cases like Sancier and Magana-Posano, it did not make those, it did not eliminate temporal limitations on the temporal limitation on that as a deportation grant. That's where I get lost. Mm-hmm. Here. Okay. Okay. I mean, I'm sorry. I understand that, I mean, I sort of hear what you're saying, but the ground for deportation, that is, an aggravated felon, has been in existence since 1988. Correct. Substantively unchanged. Mm-hmm. So the language is pretty much the same. It's been recodified or whatever, but the language is the same. You can be removed if you're an aggravated felon. Correct. Okay. The crimes of violence and other specific aggravated felonies that were added by the 1990 Act, as opposed to the 88 convictions, were indicated that they should apply prospectively only as grounds of deportation, and that's what we're relying on, that that's never been changed. Okay. Say that again. Okay. The Immigration Act of 1990 adds certain new aggravated felonies, including the ones my client was convicted of, subject to the temporal limitations that it should not apply to convictions sustained before the effective date of that act. Right. My client's convictions were sustained one month before the effective date of that act. Right. I understand that. So consequently, under the original Act of 1990, he was not subject to deportation as an aggravated felon. That's true. So then we come up to 1996. Okay. And we get IRIRA, which says never mind any time limits. What IRIRA says is never mind any time limits in terms of the definition. Now, see, that's where I don't – okay. That's fine. It does say that. All right. Now then, take your next step. Well, the next – It does say that with respect to the definition. So the conviction can occur – The broadened definition of aggravated felony applies no matter when the convictions occurred. Correct. All right. So my client does have an aggravated felony. Correct. But in the two-step analysis of matter of A and all their precedents, you first decide where the definition applies, and then you decide if the consequences for that aggravated felony apply to the alien. Yeah. In this case, we're conceding that IRIRA makes the definition applicable, but it does not change the temporal limitations of that as a grounds of deportation. That was specifically – What's the temporal limitation on it? See, that's where I'm having trouble. What is the temporal limitation on the ground for removal, and where does it come from? Well, let me – let me just look. I forgot the specific section, but there – it indicates that it should only apply to convictions sustained after the effective date of the Act. Which Act? I'm sorry. Of the 1990 Act. The Act – that's part of the 1990 Act, is that we're adding these new convictions, but we're not applying it as a grounds of deportation unless you sustain the conviction after the effective date of this Act. But we're – we're not in 1990 land. We're in 1996 land. Well, in – in In re Lettman, the – the board specifically recognized that these temporal limitations still exist in their interpretation that there was a temporal limitation in the original felonies and the ones added by the 1990 Act. All right. I'm sorry. Okay. This has to do with the ground of removal? Yes. Which is to say, my client's going to be removed anyway unless we prevail on the 212C issue, but – So can we avoid this one altogether? Well, that's what I was proposing. I mean, in a way, if you – whether you find it's sort of a – it doesn't affect the outcome of his case because we're not contesting the grounds of deportation that he's convicted of two crimes of moral turpitude. So unless he can get relief from those, I'm afraid he's going to be deported, whether you find – agree with us on that issue or not. Counsel, the due process argument that you made regarding the additional evidence that was presented on remand, is that issue exhausted? I beg your pardon, Judge? Is that issue exhausted? Yes. I believe I raised it in the BIA. Can you point to where? Well, I have to – I couldn't find it. Can I reserve two minutes for my own time and come back? Surely. Of course. Okay. That's fine. I only have three more minutes. I'm going to exhaust my time. You can even reserve three minutes. Well, I'll reserve the three minutes and assume the other issue is self-evident from our briefing. Okay. That's fine. Thank you, Your Honor. Thank you, Mr. Lawrence. Mr. Marsteller. Good morning. May it please the Court, Eric Marsteller for the Attorney General. Let me try to begin with petitioners, whether he's deportable argument, what Your Honor was speaking of. I think the issue here is, as Your Honor pointed out, is that he's ignoring the 1996 statute, which Section 321B of IORIRA clearly states that the definition of aggravated felony applies to – without any sort of date limitations. Petitioner relies on two board decisions, matter of AA and matter of Letman, which he contends stands for the proposition that there's two questions here. There's whether you fit the definition of aggravated felony and whether that makes you deportable. Our contention is those two questions don't apply in the post-IORIRA world, that they're really only in the pre-world. Matter of AA was decided, I think, in 1994, which was obviously before IORIRA. Matter of Letman was decided in 1998, but in footnote four of that decision, the board clearly stated that it wasn't considering IORIRA. It was just considering how the 1990 Act interplays with the 1988 Act. So neither of those cases are really all that relevant here, because they both focus solely on the statute as it existed before the broadened definition of IORIRA. We believe that with that broadened definition, it now makes him removable on that ground. With the due process argument, again, we do believe that the issue was not exhausted before the board. I'll also point out that there was an opportunity to object to the introduction of the criminal evidence and the aggravated felony evidence, and there was no objection before the immigration judge, so we feel it was waived there, too. In any event, understanding the circumstances of the reopening are important. Mr. Loom originally appeared, or the petitioner originally appeared at a master calendar hearing before the immigration judge, conceding that he was deportable and that he was a citizen of the United Kingdom. So instead of having a full merits hearing, the immigration judge just ordered deportation to the United Kingdom. When that couldn't happen, the case was then reopened to redesignate the country of removal, which would be, the country of deportability, which would be Hong Kong. And also to consider any applications for relief, which would include asylum, withholding, and CAT. In order to consider eligibility for those, one has to address the question of whether someone is an aggravated felon. So we believe that those issues were necessarily before the immigration judge upon reopening. I'd also like to point out that if the case was only reopened for the limited purpose of redesignating a country of deportation and CAT, then the 212C application isn't before the court, because that was not presented until after the proceedings were reopened. So is the due process claim exhausted or not? We believe that it is not exhausted. It was not raised before the board, and it was not objected to before the immigration judge. So we feel that's the main ground for denial. The other reasons I gave were secondary in the alternative reasons. With regards to the 212C eligibility, there are really at this point only two exceptions for someone who is an aggravated felony in Mr. Leung's situation in terms of whether they can be eligible for 212C. And that is first, if they were convicted by a guilty plea instead of a jury trial. That's the Toya case. Here it was a jury trial, so the same sort of factors aren't involved. Secondly would be if he had served less than five years in prison, because the 212C definition we work with in this case is that from the 1990 Act, because he was in deportation proceedings before IORIRA. You look at the complete repeal, we just look at the 1990 Act's version, which said that if you're an aggravated felony who has served more than five years in prison, you're ineligible for 212C. Those facts are both present here, so we believe that the 212C amendments in IORIRA make him ineligible for Section 212C relief. Unless the Court has any other questions, government submits on the brief. Thank you very much. Mr. Lawrence. Your Honor, as I am embarrassed to say, I don't have the brief I wrote to the BIA. I guess I would say that if I didn't raise it, my understanding was constitutional issues can raise to this Court without necessarily raising for the BIA. It's curable. That's the problem. In any event, I want to very briefly address what I perceive to be the more important issue. Our argument is that IORIRA doesn't necessarily eliminate all temporal limitations. Otherwise, you wouldn't have cases like Sancier, you wouldn't even have Toya v. Vazano, because it would be resolved by IORIRA. But Toya v. Vazano established that under Landgraf, you first decide whether that bar to 212C relief should apply retroactively. And that's the precedent of this Court. The thrust of our argument is they did not consider specifically whether the aggravated felonies added by the 1990 Act would apply retroactively, and we think that's the distinguishing characteristic, which I think is explained through in our briefs. Thank you, Your Honor. Okay. Thank you. Thanks, counsel. The matter just argued. Thank you. It will be submitted. And we'll next hear argument in Hadley versus the Hawaii government employees.
judges: Rymer, Rawlinson, Callahan